UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPARK ENERGY GAS, LP, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-1120 |
| TOXIKON CORPORATION, | § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

Plaintiff Spark Energy Gas, LP ("Spark") files this Supplemental Brief in Opposition to Defendant Toxikon Corporation's ("Toxikon") Motion to Dismiss or Transfer Venue (Dkt. No. 12), to bring to the Court's attention admissions made by Toxikon in a new Complaint filed by Toxikon against Spark and Patriot Energy Management, Inc. ("Patriot"), which contradict certain statements by Toxikon in its briefing to this Court on jurisdiction and venue.

1. Spark sued Toxikon for breach of contract in Texas State court. Toxikon removed to this Court and filed a Motion to Dismiss for Lack of Personal Jurisdiction & Alternatively to Transfer Venue. (Dkt. No. 12). The Parties have briefed the jurisdiction and venue issues in Spark's Response (Dkt. No. 17), Toxikon's Reply (Dkt. No. 19), Spark's Sur-Reply (Dkt. No. 22), and Toxikon's Response to Sur-Reply (Dkt. No. 24). The Motion to Dismiss or Transfer is pending before the Court.

2. Irrespective of the fact that this Court is currently evaluating the briefing on this issue, Toxikon has taken affirmative measures to circumvent this Court's jurisdiction by filing a Complaint and Jury Demand against Patriot and Spark on or about July 11, 2011, in the Superior Court of the Commonwealth of Massachusetts, Middlesex, Cause No. 11-2451. A true and correct copy of the Complaint is attached hereto as "Exhibit A." Significantly, the claims raised

1

in Complaint arise out of the same facts and circumstances which form the basis of the lawsuit pending before this Court. Moreover, in its new Complaint, Toxikon makes several statements which contradict the arguments it has made in its briefing to this Court on jurisdiction and venue.

3.      Prior to filing its Complaint, Toxikon adamantly, and incorrectly, argued to this Court that Patriot was not its agent. (Dkt. No. 19, p. 41 ("[T]here is substantial evidence that Patriot was not in fact Toxikon's agent."); Dkt. No. 24, p. 3–4 (claiming "Plaintiff is wrong" in asserting that Patriot was Toxikon's agent)). Yet, in its Massachusetts Complaint, Toxikon admits that:

> "Patriot required [Toxikon] to sign a document by which [Toxikon] would appoint [Patriot] as [Toxikon's] fiduciary and agent. … [Toxikon] … granted to … Patriot as its fiduciary an exclusive right to enter into a binding contract with a natural gas supplier to supply that energy product and service to [Toxikon] …" (Exhibit A, ¶12).

4.      Toxikon also admits that its CFO, "Dexter Williams, signed and delivered the required documents to … Patriot." (Exhibit A, ¶13). As Spark has argued, the documents admittedly signed by Toxikon unambiguously empowered Patriot as Toxikon's agent, gave Patriot the right to bind Toxikon to the contracts with Spark, and justified Spark's reliance upon Patriot's actual and apparent authority to bind Toxikon to the contracts. (*See* Dkt. No. 22, p.3).

5.      Toxikon claims in its new Complaint that its contracts with Spark are void due to Patriot's alleged failure to disclose its alleged "agency relationship" with Spark. (Exhibit A, ¶¶21–22). Of course, Toxikon fails to mention in its Massachusetts pleading, or its briefing to this Court, that it knew it was contracting with Spark no later than August 2007 (if not sooner), when it received the first invoice from Spark and remitted payment to Spark in Houston, Texas (Dkt. No. 17, Exs. 7, 8), and that it ratified the first contract with Spark by performing for over three years, despite its clear knowledge of the now-alleged "dual agency" of Patriot.

6.	Toxikon argues in its briefing to this Court that the public interest requires transfer to Massachusetts because certain Massachusetts regulations relating to the sale of natural gas may be implicated by this case.  (Dkt. No. 12, p. 22–23; Dkt. No. 19, p. 40).  Notably, these regulations are not even mentioned in Toxikon's Massachusetts Complaint.  *See* Exhibit A.  This confirms what Spark has consistently argued, that those regulations will have no bearing to this case and therefore do not support a transfer of venue to Massachusetts.

7.	In light of Toxikon's contradictory statements and calculated tactics to avoid this Court's jurisdiction by suing Spark and Patriot in Massachusetts, this Court should deny Toxikon's Motion to Dismiss and Motion to Transfer.

Spark Energy Gas, LP respectfully requests that the Court deny Toxikon Corporation's Motion to Dismiss for Lack of Personal Jurisdiction & Alternatively Motions to Transfer Venue Under 28 U.S.C. §§ 1406(a) or 1404(a), and for such further relief to which Spark is entitled.

Dated:  July 21, 2011                                           Respectfully submitted,

                                                                          /s/ *Joshua C. Thomas*
                                                                Joshua C. Thomas
                                                                Glen Shu
                                                                Michelle Pector
                                                                Baker Hostettler, LLP
                                                                1000 Louisiana Suite 2000
                                                                Houston, Texas 77002
                                                                713.646.1322 (telephone)
                                                                713.751.1717 (facsimile)

                                                                **Counsel for Plaintiff Spark Energy Gas, LP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2011, a copy of the foregoing was served on the following counsel via the Court's ECF email Notice of Electronic Filing.

Mr. Fred Dietrich
fdietrich@dietrich-law.com
Counsel for Defendant Toxikon Corporation


      /s/ *Joshua C. Thomas*