IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPARK ENERGY GAS, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-1120 |
| | § | Jury |
| | § | |
| TOXIKON CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

Defendant Toxikon Corporation (Toxikon) files this Response to Plaintiff's Supplemental Brief in Opposition [Dkt. 26] to Defendant's Motion to Dismiss or Transfer Venue (Dkt. 12), and defendant respectfully shows the following:

There are no contradictions in Toxikon's arguments. Paragraphs 3 & 4 of plaintiff's "supplemental brief" merely show plaintiff's continuing failure to understand that: (1) the law shears an illegal undisclosed agent such as Patriot of any power to bind a principal such as Toxikon,[1] and (2) given plaintiff's admitted knowledge of Patriot's dual agency, Patriot could not bind Toxikon to a contract with plaintiff.[2]

Plaintiff's argument that Toxikon "knew it was contracting with Spark no later than August

---

[1] *See, e.g., J.C. Penney Co. v. Schulte Real Estate Co.*, 292 Mass. 42, 44-45 (1935).

[2] *See, e.g., J.C. Penney Co.*, 292 Mass. at 45.

1

2007"[3] is not supported by any evidence, and it is contrary to the evidence.[4]  While serving as plaintiff's undisclosed agent, Patriot signed two "agreements" with plaintiff for Toxikon.[5]  Toxikon did not sign the documents.  Toxikon did not know that Patriot had signed agreements on its behalf.[6]  Toxikon was never provided a copy of the first "agreement," and Toxikon did not receive a copy of the second agreement until three years later – April 2010.[7]

Plaintiff's argument that Toxikon "ratified the first contract with Spark by performing for over three years, despite its clear knowledge of the now-alleged 'dual agency' of Patriot"[8] is not supported by any evidence, and it is contrary to the evidence.[9]  Patriot never told Toxikon that Patriot was plaintiff's agent,[10] and it was not until late May or early June 2011 that plaintiff told Toxikon that plaintiff had a broker/agency relationship with Patriot.[11]

Plaintiff argues that 220 CMR 14.00 *et seq.* is not relevant to this Court's jurisdiction or venue because Toxikon does not mention it in its state court complaint.  Toxikon's state court complaint, among other things, seeks to void or rescind the "contract" that Patriot had with Toxikon and the "contracts" Patriot signed "for" Toxikon.  Therefore, there is little wonder that the

---

[3] Plaintiff's Supplemental Brief, p. 2, ¶ 5.

[4] *See* Def.'s Ex. 21, ¶¶ 2-3; Def.'s Ex. 12, ¶¶ 8, 9 and 10; Def.'s Ex. 13, ¶¶ 4-8.

[5] Plaintiff's Ex. 3 at "Spark 000003" and Plaintiff's Ex. 4 at "Spark 000001."

[6] Def.'s Ex. 12, Dr. Desai's June 14, 2011 declaration, ¶¶ 8, 9, 10; Def.'s Exhibit 13, Dexter Williams's declaration, ¶¶ 4, 5, 6, 7 & 8.

[7] Def. Ex. 21, Timothy Fisher's July 1, 2011 declaration, ¶¶ 2 & 3.

[8] Plaintiff's Supplemental Brief, p. 2, ¶ 5.

[9] *See* Def.'s Ex. 12, ¶¶ 8, 9 and 10; Def.'s Ex. 13, ¶¶ 4-8.

[10] *See* Def.'s Ex. 12, ¶¶ 8, 9 and 10; Def.'s Ex. 13, ¶¶ 4-8.

[11] *See, e.g.*, plaintiff's Exhibit D, June 3, 2011 email from Mr. Thomas to Mr. Dietrich.

"contract's" terms, including the requirements under 220 CMR 14.00 *et seq.*, are not mentioned in Toxikon's state court complaint.

Defendant Toxikon Corporation respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction and dismiss this case without prejudice. Alternatively, Toxikon requests that the Court grant its Motion to Transfer Venue Under 28 U.S.C. § 1406(a) or its Motion to Transfer Venue Under 28 U.S.C. § 1404(a) and transfer this case to the United States District Court, District of Massachusetts, Boston Division. Toxikon also asks for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

THE DIETRICH LAW FIRM

By:   s/ Fred Dietrich
Fred Dietrich
Attorney-in-Charge
SBOT 05857050
2211 Norfolk St., Suite 620
Houston, Texas 77098
Tel.: 713.830.7687
Fax: 713.721.3112
fdietrich@dietrich-law.com

ATTORNEY FOR DEFENDANT
TOXIKON CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document, Defendant's Response to Plaintiff's Supplemental Brief in Opposition to Defendant's Motion to Dismiss or Transfer Venue (Dkt. 12), was served upon all opposing counsel through the federal courts' ECF system on July 23, 2011.

  s/ Fred Dietrich
Fred Dietrich